**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARY J. ROSS, a.k.a. Mary Ross and Mary Juanita Ross,** ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 3:09-CV-1336-M-BH | |
| ) | | |
| **SHIRLEY DYSON,** ) | | |
| Defendant. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

On July 15, 2009, plaintiff filed this civil action. No process has been issued in this case. On July 17, 2009, the Court issued a Notice of Deficiency and Order wherein it notified plaintiff that she had not paid the requisite filing fee or submitted a request to proceed *in forma pauperis*. It granted her thirty days to cure the deficiency and warned her that the failure to do so may result in the dismissal of this action for failure to prosecute. To date, plaintiff has neither paid the filing fee nor filed anything further in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of July 17, 2009, that she correct the noted deficiency within thirty days. Such failure indicates that

she has no current intention to proceed with this case. Accordingly, the Court should dismiss this action.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 18th day of August, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE